# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

**MAHOGANY JONES**, *Individually,*
*and on behalf of herself and other similarly*
*situated current and former employees*,

    Plaintiff,

v.

**BROTHERS' KEEPER, INC.**
*a Virginia Corporation,*

    Defendant.

No. 3:20-cv-405

**FLSA Opt-In Collective Action**
**JURY DEMANDED**

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Named Plaintiff, Mahogany Jones ("Plaintiff"), individually, and on behalf of herself and all other similarly situated hourly-paid Counselors, brings this Fair Labor Standards Act ("FLSA") collective action against Brothers' Keeper, Inc. ("Defendant") and shows as follows:

### I. NATURE OF SUIT

1. This lawsuit is brought against Defendant as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated hourly-paid Counselors.

2. During all times material, Defendant violated the FLSA by failing to pay Plaintiff and those similarly situated for all hours worked over forty (40) per week within weekly pay periods at one and one-half their regular hourly rate of pay, as required by the FLSA.

3. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

4. Plaintiff Mahogany Jones was employed by Defendant as an hourly-paid Counselor in this judicial district at all times material to this collective action. Ms. Jones' Consent to Join form is attached as *Exhibit A*.

5. Defendant Brothers' Keepers, Inc. is a Virginia Corporation authorized to do business, and is currently doing business, in this judicial district, with its corporate address at 4800 W. Hundred Road, Chester, Virginia 23831-0000. Defendant may be served via its Registered Agent, David Earl Banks, Jr., at 4800 W. Hundred Road; Chester, Virginia 23831-0000 or wherever it may be located.

## III. JURISDICTION AND VENUE

6. This Court has jurisdiction because the suit arises under 29 U.S.C. § 201 *et seq.*

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Defendant does business in this district and Plaintiff was employed by and performed work for Defendant in this district during all times material to this action.

## IV. CLASS DESCRIPTION

8. Plaintiff brings this action on behalf of herself and the following similarly situated persons as a class:

> All individuals employed by Defendant as hourly-paid Counselors and similarly titled employees of Defendant during the applicable limitation's period (*i.e.* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. *§* 216(b).  (Collectively, "the class").

## V. COVERAGE

9. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning

of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. Throughout the statutory recovery period applicable to this action, Defendants knew the law required its employees to be paid overtime for each hour they worked over forty (40) in any given workweek.

13. At all times hereinafter mentioned, Plaintiff and similarly situated hourly-paid counselors have been "employees" of Defendant as that term is defined in the FLSA and, individual employees engaged in commerce or in the production of goods for commerce, as required by 29 U.S.C. §§ 206–207.

## VI.  ALLEGATIONS

14. Defendant is a behavioral health services agency with locations throughout the state of Virginia.

15. Plaintiff Jones was employed by and worked for Defendant as an hourly-paid Counselor during all times material to this collective action.

16. Defendant established and administered the pay practices of Plaintiff and other similarly situated hourly-paid Counselors during all times relevant to this action.

17. Plaintiff and other similarly situated hourly-paid Counselors worked for Defendant in excess of forty (40) hours during weekly pay periods at all times material to this collective action.

18. At all times material, Defendant had a centralized time keeping system for the purpose of recording the hours worked by Plaintiff and those similarly situated. That system involved a "logging-in" and "logging-out" process on Defendant's computers.

19. Defendant had a common plan, policy and practice of requiring, forcing, inducing, expecting and/or, suffering and permitting, Plaintiff and other similarly situated hourly-paid Counselors to complete mandatory reports and related paperwork, as well as to handle work-related communications and perform other tasks outside their scheduled hours while not "logged-in" to its time keeping system, typically consisting of eight (8) hours or more per week in addition to their thirty-three (33) weekly scheduled hours of work.

20. Plaintiff and other hourly-paid Counselors performed such "off-the-clock" work, as noted in the preceding paragraph, during their "off-duty" hours within weekly pay periods during all times material to this action without being compensated for such work time at the applicable FLSA overtime rates of pay.

21. Defendant failed to "edit-in" the aforementioned "off-the-clock" work times of Plaintiff and similarly situated hourly-paid Counselors into their time keeping system, or otherwise compensate them for such unpaid "logged-out" work at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this collective action.

22. Defendant was aware it was not compensating Plaintiff and other similarly situated hourly-

    paid Counselors at the applicable FLSA overtime rates of pay for the aforementioned "off-the-clock" work times within weekly pay periods during all times material.

23. The aforementioned unpaid "off-the-clock" claims of Plaintiff and class members are unified through a common theory of Defendant's FLSA violations.

24. Defendant's common plan, policy and practice of not compensating Plaintiff and class members for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

25. Defendant's failure to compensate Plaintiff and class members for their aforementioned "off-the-clock" work times was willful with reckless disregard of FLSA's overtime provisions, and without a good faith basis.

26. As a result of Defendant's lack of good faith and willful failure to pay Plaintiff and class members in compliance with the requirements of the FLSA, they have suffered lost wages in terms of lost overtime compensation as well as other damages.

27. The net effect of Defendant's common plan, policy, and practice of failing to pay Plaintiff and those similarly situated one-and one-half times their regular hourly rates of pay for all hours worked over forty (40) during all times material to this collective action, is that it enriched itself and enjoyed ill-gained profits at the expense of Plaintiff and class members.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff brings this case as a collective action on behalf of herself, individually, and on behalf of herself and other similarly situated hourly-paid Counselors as a class pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

29. Plaintiff seeks to pursue the aforementioned unpaid overtime wage claims against

Defendant on behalf of herself, individually, and on behalf of herself and all other similarly situated hourly-paid Counselors as a class.

30. Plaintiff and class members are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay system that resulted in the failure to pay Plaintiff and class members for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA.

31. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendant's time keeping, pay practices and compensation plans, policies and practices.

32. This action also is properly maintained as a collective action under the FLSA because the aforementioned unpaid "off-the-clock" claims are unified through a common theory of Defendant's FLSA violations.

33. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

34. Plaintiff will fairly and adequately protect the interests of the class as her interests are in complete alignment with those of class members, i.e. to pursue their aforementioned unpaid overtime compensation claims.

35. Counsel for Plaintiff will adequately protect her interests as well as the interests of all putative class members.

36. Defendant was aware Plaintiff and class members performed the aforementioned unpaid "off-the-clock" work that resulted in excess of forty (40) hours per week within weekly pay periods which required overtime compensation to be paid as mandated by the FLSA. Nonetheless, Defendant operated under a common policy and practice to deprive Plaintiff and class members of such overtime compensation.

37. Defendant's conduct, as alleged herein, was willful with reckless disregard to the FLSA overtime provisions, which conduct caused significant damage to Plaintiff and the collective class.

38. Defendant did not have a good faith basis for its failure to compensate Plaintiff and class members for all their compensable overtime hours at the FLSA applicable rates of pay within weekly pay periods during all times material to this action.

39. Therefore, Defendant is liable to Plaintiff and class members under the FLSA for failing to properly compensate them for their aforementioned unpaid overtime work times.

40. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation, as well as liquidated damages under the FLSA, and the other relief requested herein.

41. Plaintiff estimates there are several hundred putative members of the collective class. The precise number of collective class members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents.

42. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail, and by posting notice

in all of Defendant's locations.

43. Plaintiff and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendant's payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
### (Violation of the Fair Labor Standards Act)

44. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

45. At all times material, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

46. Defendant has been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all times material to this action.

47. At all times material, Defendant was an "employer" of Plaintiff and each of the class members, as such term is defined by the FLSA.

48. Plaintiff and class members were "employees" of Defendant within the meaning of the FLSA's overtime wage requirements.

49. Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

50. As a result of the aforementioned unpaid "off-the-clock" work times of Plaintiff and class members Defendant has violated the FLSA and is liable to them for such unpaid overtime compensation.

51. Section 207(a)(1) of the FLSA states an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for

hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

52. Through their actions, plans, policies and practices Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and class members for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the FLSA.

53. Defendant's actions were willful with reckless disregard of clearly applicable FLSA provisions.

54. Defendant's actions were not in good faith.

55. The unpaid "off-the-clock" claims of Plaintiff and the class are unified through a common theory of Defendant's FLSA violations.

56. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and class members have suffered and will continue to suffer a loss of income and other damages.

57. Therefore, Defendant is liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and class members FLSA statutory damages against Defendant;

b) Award Plaintiff and class members all unpaid overtime compensation against Defendant;

c) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, the

three (3) year statute of limitations under the FLSA applies to this action;

d) Award Plaintiff and class members liquidated damages in accordance with the FLSA;

e) Award prejudgment interest (to the extent that liquidated damages are not awarded);

f) Award Plaintiff and the class members reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

g) Award post-judgment interest and court costs as allowed by law;

h) Enter an Order designating this action as an opt-in collective action under the FLSA;

i) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

j) Allow Plaintiff to amend her Complaint, if necessary, as new facts are discovered;

k) Provide additional general and equitable relief to which Plaintiff and class members may be entitled; and

l) Provide further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: June 9, 2020.                    Respectfully Submitted,

*/s/ Johneal Moore White*
Johneal Moore White
Glenn Robinson Cathey Memmer & Skaff, PLC
400 Salem Avenue, S.W., Suite 100
Roanoke, VA 24016
540-767-2206
Fax: 767-2220
Email: jwhite@glennrob.com

&

Gordon E. Jackson (TN BPR #8323)*
J. Russ Bryant (TN BPR #33830)*

**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*

*\*Admission Pro Hac Vice Anticipated*

***ATTORNEYS FOR PLAINTIFFS***